IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CARL A. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-0461-CV-W-ODS |
| | ) | |
| THOMAS J. VILSACK, SECRETARY | ) | |
| OF THE DEPARTMENT OF | ) | |
| AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss, which contends Plaintiff's suit was not timely filed. The Court held a hearing on December 2, 2009, and the parties filed post-hearing suggestions. After considering the evidence and arguments presented, the Court concludes the motion (Doc. # 6) should be granted.

Plaintiff is an employee of the United States Department of Agriculture ("USDA"). He left his employment in June or July of 2001, alleging he was constructively discharged due to racial and religious harassment. This claim forms the basis for his lawsuit. Plaintiff filed administrative complaints, which were consolidated and denied. He appealed the denial to the EEOC, which affirmed the denial in an opinion dated October 24, 2008. Plaintiff sought reconsideration of the EEOC's decision, which was denied in an order dated March 13, 2009. The order contained the following advisory statement (the emphasis is in the original):

> The decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.

The order also advises (again, the emphasis is in the original) that "**[f]or timeliness purposes, the [EEOC] will presume that this decision was received within five (5)**

**calendar days after it was mailed.**" The order indicates it was mailed to Plaintiff on March 13, 2009.

Meanwhile, in January 2003 Plaintiff filed another administrative complaint. He had applied for a position with the USDA in May 2002 but was not selected for the position. He alleged he was denied the job as retaliation for his prior administrative complaints. The agency rejected his claim, but on appeal the EEOC reversed the decision and ordered, among other things, the USDA to offer Plaintiff a job. The order was dated June 4, 2009, and contains a similar statement about Plaintiff's right to sue.

On June 16, 2009, Plaintiff's counsel prepared a Civil Cover Sheet to be used in connection with the instant suit. The Civil Cover Sheet provides information about the suit to be filed, such as the parties' and attorneys' names and contact information, the nature of the suit, and the nature of the Court's jurisdiction. The Civil Cover Sheet advises that "[t]he information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law." The Civil Cover Sheet and the Complaint were filed on June 17. The Complaint raises claims premised on his alleged constructive discharge in 2001 and raises no claims premised on the USDA's failure to rehire him in 2002.

The federal government is immune from suit unless it waives that immunity, and then the waiver's terms must be strictly followed. Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981). Congress has waived the government's immunity in Title VII cases, provided the lawsuit is filed within ninety days of the EEOC's final decision. 42 U.S.C. § 2000e-16(c). The government contends this time limitation is jurisdictional, but the weight of authority indicates it is to be treated as a statute of limitation that is subject to estoppel, waiver, or tolling. E.g., Irwin v. Department of Veteran Affairs, 498 U.S. 89, 95 (1990) (Applying equitable tolling to section 2000e-16(c), reasoning that "[o]nce Congress has made such a waiver, we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver."); T.L. ex rel. Ingram v. United States, 443 F.3d 956, 960-61 (8th Cir. 2006) (discussing Irwin); Miller v. Runyon, 32 F.3d 386, 389 (8th Cir. 1994) (same). Ultimately, it does not matter

in this case because Plaintiff's suit is untimely regardless of whether the Court construes the ninety day period as a jurisdictional prerequisite or as a statute of limitation.

The parties agree that courts allow a period of time for mailing; some allow three days and some allow five days. The Eighth Circuit has not definitively ruled on the issue. For the sake of argument, the Court will apply the five day rule, meaning Plaintiff's suit had to be filed within ninety days of March 18, 2009. The lawsuit was filed on June 17, 2009, which was ninety-one days after March 18. Thus, Plaintiff's suit was untimely even if the five day rule is applied.

Plaintiff presents several arguments, but none are meritorious. He relies on his testimony to rebut the presumption he received the letter five days after it was mailed. He testified he does not remember when he received the letter but believes it was after March 18. He provides no basis for crediting his belief as fact – to the contrary, his testimony that he does not recall when he opened the letter and that he frequently does not open mail on the day it arrives precludes the Court from crediting his testimony.

Plaintiff contends the suit was actually commenced on June 16 because the Civil Cover Sheet was filed on that date, but (1) the Court's records reveal that counsel prepared the document on June 16 but it was not filed until June 17, and (2) the Civil Cover Sheet advises that it does not constitute or supplement any pleadings. Thus, even if the Civil Cover Sheet had been filed on June 16, it could not constitute the commencement of suit.

Plaintiff argues the suit is timely because it was filed within ninety days of the EEOC's favorable decision regarding his rehiring. The problem is that Plaintiff is not raising a claim about his rehiring. Plaintiff reasons that his second administrative claim asserted the failure to rehire him was related to both his earlier treatment and his prior complaints, so he effectively raised the same issue in both administrative claims. The real question, however, is whether both claims involved the same employment action. The first claim involved his constructive discharge, and the second involved the decision not to rehire him. Inasmuch as the current lawsuit relates to the constructive discharge, the current suit relates to the first charge and that must be the focus when determining whether the suit is timely.

3

Finally, Plaintiff contends the limitation period should be tolled, or that Defendant should be estopped from asserting the defense, because the USDA did not adhere to time requirements during the administrative process. Neither doctrine is applicable here. "The doctrine of equitable estoppel applies when the employee knows she has a claim, but the employer affirmatively and actively takes action that causes the employee not to timely file the suit." Henderson v. Ford Motor Co., 403 F.3d 1026, 1033 (8th Cir. 2005). While Plaintiff alleges Defendant engaged in wrongdoing, Plaintiff does not contend the wrongdoing prevented him from filing his suit within the ninety day period. Equitable tolling "focuses on the employee's ignorance of a claim, not on any possible misconduct by the employer, and tolls the limitations period when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim." Id. (quotation omitted). Plaintiff does not contend he lacked vital information necessary to the filing of his suit. "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." Irwin, 498 U.S. at 96.

For these reasons, the Motion to Dismiss is granted.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: January 4, 2010                    UNITED STATES DISTRICT COURT